**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROLANDO R. JIMENEZ,
    Appellant,

   v.

DEPARTMENT OF HOMELAND
  SECURITY,
    Agency.

DOCKET NUMBER
DC-3443-14-0868-I-1

DATE: February 19, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rolando R. Jimenez</u>, Silver Spring, Maryland, pro se.

<u>Charles F. Smith</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1   The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant, an Immigration Officer, filed an appeal in which he alleged that the agency had failed to pay him for 87.5 hours of overtime to which he claimed entitlement. He asserted that the agency's action was in violation of the Fair Labor Standards Act (FLSA) and was due to various prohibited personnel practices committed by the agency, notably, discrimination based on race and national origin. Initial Appeal File (IAF), Tab 1 at 2. He also alleged that, in retaliation for having filed numerous informal and formal equal employment opportunity (EEO) complaints, he was not selected for assignment as a Duty Officer, and was not permitted to apply for a detail to a union steward position. *Id.* He requested a hearing. *Id.* at 1.

¶3      The agency moved that the appeal be dismissed for lack of jurisdiction on the basis that the appellant had not alleged that he suffered an action appealable to the Board, and that, in the absence of such an action, the Board could not consider his claim that the agency committed prohibited personnel practices. *Id.*, Tab 4 at 4-5, 12. The agency argued that, to the extent the appellant's claims could be broadly construed as allegations of retaliation for whistleblowing, he had not shown that he exhausted his remedy before OSC. *Id.* at 8-9. The

administrative judge ordered the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. *Id.*, Tab 5. In responding to the agency's motion to dismiss, the appellant described the numerous EEO complaints he has filed, as well as a Board appeal which, he suggested, was "pending."[2] *Id.* at 2-4. The appellant further claimed that in February 2014, he filed a "Complaint of Possible Prohibited Personnel Practice or Other Prohibited Activity," which OSC acknowledged and on July 29, 2014, an addendum to the complaint. *Id.*, Tab 6 at 4, 28, 29, 30-33. In the addendum, he set forth the same three claims he did in the Board appeal, *id.* at 31-32, and he submitted a number of documents bearing on the merits of those claims, *id.* at 37-44.

¶4 In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. *Id.*, Tab 8, Initial Decision (ID) at 2, 8. He found that the appellant had cited no authority that would allow the Board to address decisions on the three matters he raised or otherwise identified any action appealable to the Board. ID at 4-5.

¶5 In his petition for review, the appellant essentially repeats the same claims he raised below. Petition for Review (PFR) File, Tab 1. A substantial portion of his petition is virtually identical to his response to the agency's motion to dismiss. *Compare id.* at 5, 8-27, *and* IAF, Tab 6 at 5, 9-25. In this regard, his petition lacks sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge to the initial decision, justifying a complete

---

[2] In fact, the same administrative judge had already issued a decision in the appellant's appeal. *Jimenez v. Department of Homeland Security*, MSPB Docket No. DC-3443-14-0504-I-1, Initial Decision (May 6, 2014). Therein, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had not asserted that he was subjected to an action over which the Board has jurisdiction, and had not raised any other facts that would bring the actions he identified (nonselections, withdrawal of an application, failure to be assigned to a detail, and denial of waiver for access to classified information) within the Board's jurisdiction. Initial Decision at 2-5. That decision became the Board's final decision on June 10, 2014, when neither party filed a petition for review.

review of the record.  *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

¶6    Nonetheless, we have reviewed the record and discern no error in the administrative judge's findings or in his dismissal of the appeal for lack of jurisdiction.  Neither failure to pay overtime nor nonselection for a particular assignment or for a detail is a matter appealable to the Board.  5 U.S.C. § 7512(4); 5 C.F.R. § 752.402; *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 6 (2012).  In the absence of an appealable action, the Board lacks jurisdiction to consider the appellant's claims of prohibited personnel practices.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶7    We have considered the propriety of the administrative judge's finding that, to the extent that the appellant may have raised a claim of retaliation for protected whistleblowing, he failed to show that he exhausted his remedy before OSC and therefore did not establish the Board's jurisdiction.  The administrative judge stated that, once the appellant receives a letter from OSC granting him the right to file an IRA appeal with the Board, he may do so.  ID at 4 n.4.  However, if the pleading the appellant claims he filed with OSC in February 2014, was a request for corrective action, he would have been able to file an IRA appeal with the Board after 120 days, if OSC had not notified him that it would seek corrective action on his behalf.  *See* 5 C.F.R. § 1209.5(a)(2).

¶8    As noted, the appellant did not submit a copy of his filing with OSC.  He did, however, submit a copy of OSC's March 14, 2014 acknowledgment of his complaint.  IAF, Tab 6 at 28.  Therein OSC explains the difference between filing a complaint that alleges reprisal for whistleblowing and filing a complaint that discloses wrongdoing in a federal agency under 5 U.S.C. § 1213 involving a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.  *Id.*  The appellant also submitted a copy of OSC's June 12, 2014

90-day letter, advising him of the status of his complaint pursuant to 5 U.S.C. § 1214(a)(1)(C)(i). *Id.* at 29. That acknowledgment does not refer to corrective action or a claim under 5 U.S.C. § 2302(b)(8). *Id.* Further, the appellant does not, in his July 29, 2014 addendum to his complaint, allege whistleblower reprisal but only a violation of FLSA, discrimination, and retaliation for protected EEO activity. *Id.* at 30-33. As such, we find that the appellant has not exhausted his administrative remedy because he did not allege whistleblower reprisal before OSC concerning the potential personnel actions he raises in this appeal, thereby giving OSC a sufficient basis to pursue an investigation that might have led to corrective action, *see Clemente v. Department of Homeland Security*, 101 M.S.P.R. 519, ¶ 13 (2006), and we agree with the administrative judge that this appeal must be dismissed for lack of jurisdiction.[3]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[4]

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[3] The appellant has submitted attachments to his petition that include documents relating to the merits of the three matters about which he complains, PFR File, Tab 1 at 44-45, and documents relating to his EEO complaints, *id.* at 46-51. The documents contained in these attachments are neither new nor material and we therefore have not considered them. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

[4] The initial decision did not afford the appellant notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012. We have provided notice of such appeal rights herein.

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems

Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.